IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Montavis Kentrail Gaines, #323168, | ) | Civil Action No.: 5:14-cv-04652-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Richard Cothram, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner Montavis Gaines ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging prosecutorial misconduct and ineffective assistance of counsel. (ECF No. 1).  This matter is before the court on Petitioner's Motion for Default Judgment (ECF No. 20) and Respondent's Motion for Summary Judgment (ECF No. 22).

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani West, for pre-trial handling.  On February 3, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment, deny Petitioner's Motion for Default Judgment, and deny the Petition.  (ECF No. 42).  This review considers Petitioner's Motion in Opposition of Magistrate's Report and Recommendation for Summary Judgment ("Objections"), filed February 25, 2016.  (ECF No. 51), and Respondent's Objection to Report and Recommendation ("Respondent's Objection"), filed March 7, 2016 (ECF No. 53).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

    The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own.  (*See* ECF No. 42).  The court will only recite herein facts pertinent to the

analysis of Petitioner's Objections.

Petitioner is currently incarcerated at the Turberville Correctional Institution within the South Carolina Department of Corrections ("SCDC").

In November 2006, the Saluda County Grand Jury issued an indictment charging Petitioner with armed robbery, criminal conspiracy, and assault and battery with intent to kill.  (ECF No. 42 at 2).  A jury trial was held from July 24-26, 2007, before the Honorable William P. Keesley.  (*Id.*).  The jury found Petitioner guilty of armed robbery, criminal conspiracy, and the lesser-included offense of assault and battery of a high and aggravated nature ("ABHAN").  (*Id.*)  Judge Keesley sentenced Petitioner to twenty-years imprisonment for the armed robbery conviction, five-years imprisonment for the criminal conspiracy conviction, and ten-years imprisonment for the ABHAN conviction, with all sentences running concurrently.  (*Id.*).  On July 21, 2008, Petitioner, represented by appellate counsel, filed a direct appeal of his conviction and sentence in the South Carolina Court of Appeals raising only one issue: whether the trial judge erred in allowing a police officer to testify that he recognized Petitioner in the videotape because the officer had contact with him in the past.  (*Id.*)  Petitioner also filed a pro se brief raising a number of issues regarding peremptory challenges and the identification of Petitioner by the officer.  (*Id.* at 3).  On October 2, 2009, the Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion.

Subsequently, on November 6, 2009, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on April 11, 2012, following an evidentiary hearing.  (*Id.*).  On April 24, 2012, Petitioner filed a motion to alter or amend the order of dismissal.  (*Id.* at 7).  The motion to alter or amend was denied on May 24, 2012.  Petitioner, through counsel, timely filed a petition for writ of certiorari.  On December 3, 2014, the South Carolina Court of Appeals

denied the petition.

Prior to exhausting his state remedies in the initial PCR, Petitioner filed a second PCR on January 16, 2013. (*Id.* at 8). In the second PCR, Petitioner raised issues of prosecutorial misconduct and ineffective assistance of counsel. On February 6, 2014, Chief Administrative Judge Thomas Russo issued a Conditional Order of Dismissal finding that the second PCR was successive and untimely. (*Id.*) Petitioner filed an objection to the Conditional Order arguing that the State failed to provide information to Petitioner during his first PCR action. Petitioner attached a police incident report to the objection dated December 4, 2006, indicating that Officer Turner interviewed Jerome Rhoads—Petitioner's co-defendant—who was "willing to testify for leniency from the State." (*Id.* at 9). On September 12, 2014, a Final Order of Dismissal was entered whereby the court found that Petitioner had not established "a prima facie newly discovered evidence allegation to overcome the procedural bars regarding successive and untimely PCR actions." (*Id.*) Subsequently, on September 18, 2014, Petitioner filed a notice of appeal, as well as a Motion to Consolidate Pursuant to Rule 214 S.C.A.C.R. (*Id.*) On October 3, 2014, the South Carolina Supreme Court dismissed Petitioner's PCR appeal.

During the pendency of Petitioner's second PCR action, Petitioner filed a Motion for Leave to File Rule 60(b) Motion with the South Carolina Supreme Court. In the motion, Petitioner, through appellate counsel, requested that the South Carolina Supreme Court set aside the Order of Dismissal in the first PCR action and grant Petitioner a new trial. (*Id.* at 10). On November 7, 2013, the South Carolina Supreme Court denied Petitioner's motion. (*Id.*)

Petitioner filed the instant habeas Petition on December 10, 2014, alleging four grounds for relief: (1) prosecutorial misconduct for failing to disclose the details of a deal made between the state and Jerome Rhoads, who testified during Petitioner's trial; (2) prosecutorial misconduct

for providing perjured testimony during Petitioner's first PCR hearing; (3) ineffective assistance of counsel for failing to object to testimony by police officers who gave identification testimony indicating that they were able to identify Petitioner by his mannerisms due to previous encounters with Petitioner; and (4) ineffective assistance of counsel for failing to discover the deal between the State and the co-defendant. (ECF No. 1 at 6-11).  On March 30, 2015, Petitioner filed a Motion for Default Judgment.  (ECF No. 20).  That same day, Respondent filed a Motion for Summary Judgment and Return and Memorandum of Law in Support of Motion for Summary Judgment. (ECF Nos. 21, 22).  On March 31, 2015, the court entered an order pursuant *to Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the time period for filing a response. (ECF No. 24).  Petitioner filed a response in opposition on July 2, 2015.  (ECF No. 37).

On February 3, 2016, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion, dismiss the Petition, and deny Petitioner's Motion for Default Judgment. (ECF No. 42.)  The Magistrate Judge found that to the extent that Grounds One and Four are procedurally barred, the Petitioner has established cause for failing to raise the claims in prior state actions.  (*Id.* at 23).  With respect to Ground One—prosecutorial misconduct for *Brady* Violation— the Magistrate Judge determined that although the incident report was favorable to Petitioner and the State withheld it, Petitioner cannot demonstrate prejudice in the result stemming from the suppression of the incident report.  The Magistrate Judge found that based on the evidence presented against Petitioner, he cannot demonstrate that the result would be different even if the incident report had been disclosed and available to use to impeach Rhoads' testimony.  The Magistrate Judge also found that Petitioner's trial counsel argued in his closing that the co-defendant was in plea negotiations with the State.  Furthermore, the Magistrate Judge determined

4

that the incident report only indicated that the officer spoke with the Solicitor's office on Jerome

Rhoads' behalf, but it does not provide any detail that the Solicitor's office and Rhoads entered

into a deal.  Thus, Petitioner was unable to demonstrate that a *Brady* violation occurred.  Therefore,

the Magistrate Judge determined that Ground One should be dismissed.

With respect to Ground Two—perjured prosecutor testimony during PCR hearing—the

Magistrate Judge determined that the claim is not cognizable on federal habeas review.  An error

during a PCR proceeding is not a viable ground on which to grant federal habeas relief.

Accordingly, the Magistrate Judge determined that Ground Two should be dismissed.

In Ground Three, Petitioner alleges that his counsel was ineffective for failing to object to

the police officers' testimony identifying Petitioner by his mannerisms, which the officers each

indicated that they learned from previous encounters with Petitioner.  Petitioner asserts that this

testimony is improper "prior bad acts" testimony, which prejudiced him because it could be

inferred that the previous encounters with the officers were of a criminal nature with Petitioner

being the suspect. The PCR court determined that the officers' testimony did not refer to any bad

acts, and although trial counsel did not object, the objection would have likely been overruled

because the testimony did not refer to any bad acts.  The Magistrate Judge determined that neither

of the police officers gave testimony that contained evidence of Petitioner's prior bad acts.

Accordingly, the Magistrate judge found that the PCR court appropriately applied the *Strickland*

standard, and that Ground Three should be dismissed.

In Ground Four, Petitioner asserts that his trial counsel was ineffective for failing to

discover the leniency deal reached between the State and Jerome Rhoads.  The Magistrate Judge

found that the incident report only indicates that Rhoads had preliminary discussions with Officer

Turner regarding a lighter sentence should he testify.  However, the Magistrate Judge noted that

5

all the other evidence indicates that no firm plea agreement was reached until after Petitioner's trial. Accordingly, the Magistrate Judge found that the PCR court did not unreasonably apply the facts and legal standards in dismissing this issue. Thus, the Magistrate Judge recommends that Ground Four be dismissed.

Finally, Petitioner filed a Motion for Default Judgment asserting that Respondent failed to file a timely response to the instant habeas petition. The Magistrate Judge determined that Respondent timely filed a response. Furthermore, the Magistrate Judge determined that the entry of a default judgment is not appropriate in this context. Thus, the Magistrate Judge recommends that Petitioner's Motion for Default Judgment be denied.

Petitioner timely filed his Objections on February 25, 2016.[1] (ECF No. 51). Respondent also filed Respondent's Objection on March 7, 2016.[2] (ECF No. 53).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

---

[1] On February 16, 2016, the court entered a text order granting Petitioner's Motion for Extension of Time to File Response. (ECF No. 45).

[2] On February 23, 2016, the court entered a text order granting Respondent's Motion for Extension of Time to File Objections to Report and Recommendation. (ECF No. 49).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner filed Objections to the Magistrate Judge's conclusions regarding issues raised in Grounds One and Four. Petitioner concedes Grounds Two and Three as well as any argument regarding the Motion for Default Judgment. (ECF No. 51 at 1). With respect to Ground One, Petitioner asserts that the Magistrate Judge improperly concluded that Petitioner could not satisfy the final element of the Brady analysis because he could not demonstrate prejudice in the result. Essentially, Petitioner contends that the Magistrate Judge's review of the record should have revealed that the State's witnesses committed perjury, and as a result, the evidence supports Petitioner's contention that the absence of the incident report calls into question the confidence of

7

the guilty verdict in his trial.  Second, Petitioner contends that the Magistrate Judge's conclusion regarding Ground Four was improper.  Petitioner asserts that the incident report clearly shows that Rhoads and the State were engaged in preliminary plea negotiations, and had Petitioner's counsel discovered the incident report "there is no telling what the result of his trial would be."  (ECF No. 51 at 8).

In Respondent's Objection, Respondent asserts that the Magistrate Judge improperly concluded that Grounds One and Four were not procedurally defaulted.  Although the claims were raised in Petitioner's Motion for Leave to File Motion under Rule 60(b), Respondent contends that the motion was not the proper means of presenting the claims to the South Carolina Supreme Court.  Furthermore, to the extent that the Magistrate Judge concluded that the procedural default should be excused, Respondent contends that because the court found that the incident report was not "material," the court should have also found that Petitioner failed to establish the prejudice necessary to excuse the procedural default. (ECF No. 53 at 3).

Because Petitioner failed to raise objections to the Magistrate Judge's Report as to Grounds Two and Three and the Motion for Default Judgment, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error.

 With respect to Grounds One and Four, this court has conducted a *de novo* review, and finds that the Magistrate Judge properly concluded that these grounds should be dismissed.  However, this court finds that it is not necessary to reach the merits of Grounds One and Four because both grounds were procedurally defaulted.    Prior to seeking habeas corpus relief, a petitioner is required to exhaust his state court remedies by presenting his claims to the state's

highest court.  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).  "In determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim."  *Baker v. Corcoran*, 220 F.3d 276, 290-91 (4th Cir. 2000).  In order to give a state court a fair opportunity to review any claims, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In South Carolina, a ruling by a PCR court is a final judgment.  S.C. Code § 17-27-80 (2014).  However, a petitioner has the option to file a petition for writ of certiorari in order to have that final judgment reviewed by the Supreme Court of South Carolina. S.C. Code § 17-27-100 (2014).  Following a ruling by a PCR court, any claims a petitioner raises in an appeal to the Court of Appeals or Supreme Court of South Carolina will be deemed exhausted for the purpose of federal habeas review. *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990).

Consequently, the exhaustion requirement is not met where the claim is presented in a procedural context where its merits will not be considered absent extraordinary reasons.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  During the pendency of an appeal, the appellate court must grant leave to a petitioner to file a motion pursuant to South Carolina Rules of Civil Procedure 60(b) in order for the trial court to review it.  *See* S.C.R.C.P. 60(b).  However, the decision to grant a motion pursuant to Rule 60(b) is within the sound discretion of the trial court. *Ware v. Ware*, 743 S.E.2d 817, 822 (S.C. 2013).

In this case, Petitioner did not give the South Carolina courts a fair opportunity to resolve the issues raised in Grounds One and Four because he did not properly invoke one complete round of the South Carolina appellate review process as to those issues. Although Petitioner properly raised the claims made in Grounds One and Four in his original PCR petition, he did not raise those claims in his petition for writ of certiorari to the Supreme Court of South Carolina. (*See* ECF Nos. 21-10, 21-12). Petitioner did not present the claims made in Grounds One and Four to the Supreme Court of South Carolina until he filed a Motion for Leave to File Rule 60(b) Motion. Pursuant to South Carolina jurisprudence, it is solely within the discretion of the trial court to pass upon the merits of a motion filed pursuant to Rule 60(b). Thus, Petitioner's motion seeking leave to file a motion pursuant to Rule 60(b) did not present the claims made in Grounds One and Four to the Supreme Court of South Carolina in a procedural context in which the Court would consider the merits of those claims. Accordingly, Petitioner's filing of such motion did not properly exhaust those claims in state court. Furthermore, even though Petitioner was not in possession of the incident report until after he filed his petition for writ of certiorari, he was also not in possession of the incident report when he first raised the claims made in Grounds One and Four in his original PCR action. Thus, this court finds no basis to excuse Petitioner's failure to properly exhaust his state court remedies due to the absence of the newly acquired incident report during the pendency of Petitioner's first PCR application.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 42) with the aforementioned modifications. It is therefore ordered that Respondent's Motion

for Summary Judgment (ECF No. 22) is **GRANTED**.  Petitioner's Motion for Default Judgment

(ECF No. 20) is **DENIED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a
substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues
satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of

appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

March 9, 2016
Columbia, South Carolina